OPINION
{¶ 1} Appellant, R.B. ("Mother"), appeals from an order of the trial court terminating her parental rights and granting permanent custody of her son, J.B., to Clark County Department of Job and Family Services ("CCDJFS").
 {¶ 2} Mother has had a total of nine children. She *Page 2 
currently does not have custody of any of these children. Mother's youngest child, J.B., was born on March 7, 2007. On March 12, 2007, CCDJFS filed a complaint pursuant to R.C. 2151.27, alleging that J.B. is a dependant child, as defined in R.C. 2151.04(C). J.B. was placed in the temporary shelter care of CCDJFS, and then with foster parents. On April 19, 2007, temporary custody of J.B. was granted to CCDJFS.
 {¶ 3} CCDJFS moved for permanent custody of J.B. on October 15, 2007. After a permanent custody hearing, the trial court granted CCDJFS's motion for permanent custody and terminated Mother's parental rights. Mother filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT J.B. COULD NOT BE PLACED WITH [MOTHER] WITHIN A REASONABLE PERIOD OF TIME OR SHOULD NOT BE PLACED WITH HER."
 {¶ 5} In a proceeding for the termination of parental rights, all of the trial court's findings must be supported by clear and convincing evidence. R.C. 2151.414(E); In re J.R., Montgomery App. No. 21749,2007-Ohio-186, ¶ 9. A trial court may not grant a permanent custody motion unless the court determines that (1) it is in the best interest of the child to grant the agency permanent custody, and *Page 3 
(2) one of the conditions set forth in R.C. 2151.414(B)(1)(a)-(d) exists.
 {¶ 6} R.C. 2151.414(B)(1) provides, in pertinent part:
 {¶ 7} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 8} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."
 {¶ 9} R.C. 2151.414(E) provides, in pertinent part:
 {¶ 10} "In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period *Page 4 
of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence . . . that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. . . .
 {¶ 12} * * *
 {¶ 13} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 14} * * *
 {¶ 15} "(10) The parent has abandoned the child.
 {¶ 16} "(11) The parent has had parental rights *Page 5 
involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 17} Mother argues that the trial court erred in finding that J.B. could not be placed with her within a reasonable time or should not be placed with her. In particular, Mother disagrees with the trial court's findings that she abandoned J.B., demonstrated a lack of commitment toward J.B., and failed to remedy the problems that caused J.B. to be placed outside the home.
 {¶ 18} At the permanent custody hearing, Mother conceded that she had not made as much of an effort as she should have to obtain employment, had failed to pay child support for a number of her children, including J.B., had failed to complete many of the case plan objectives to which she had agreed, had missed a number of scheduled visits with J.B., and that her parental rights to two of J.B.'s siblings had previously been involuntarily terminated. (Tr. 13-23, 74.) Larry Zerkle, the Guardian ad Litem of J.B., testified regarding the poor conditions of the houses in which Mother has lived and Mother's failure to complete the majority of the case plan. (Tr. 29-31.) Jamie Williams, a social worker with CCDJFS, testified that Mother missed a large amount of scheduled *Page 6 
visits with J.B. (Tr. 68-69.)
 {¶ 19} In her brief on appeal, Mother contends that evidence was presented that contradicts the trial court's findings, and therefore the evidence on which the court relied was not clear and convincing. She points in particular to the matter of her visits with J.B., which she argues were numerous, and undercut the court's finding that Mother had abandoned the child. However, none of these contentions are supported by "citations to the . . . parts of the record on which appellant relies." App. R. 16(A)(7). We are not obligated to search the record for them.
 {¶ 20} The trial court's finding that J.B. cannot be placed with either parent within a reasonable time or should not be placed with either parent is supported by clear and convincing evidence from the permanent custody hearing. Mother's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "THE TRIAL COURT ERRED BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTERESTS OF THE CHILD TO PERMANENTLY TERMINATE [MOTHER]'S PARENTAL RIGHTS AND GRANT PERMANENT CUSTODY TO CLARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES."
 {¶ 22} R.C. 2151.414(D) provides, in pertinent part: *Page 7 
 {¶ 23} "In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 24} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) *Page 8 
to (11) of this section apply in relation to the parents and child."
 {¶ 29} The trial court found it was in the best interest of J.B. to grant permanent custody to CCDJFS for the following reasons:
 {¶ 30} "a. There is a reasonable probability that this child can be adopted. The child has lived in legal limbo for many months. The child would benefit greatly from a permanent, secure home.
 {¶ 31} "b. The child has had no regular and meaningful contact with his biological family.
 {¶ 32} "c. There is no probability that the parents will be able to provide a safe, secure and appropriate home for the child any time soon.
 {¶ 33} "d. The Guardian ad Litem for the child recommended that the motion for permanent custody be granted.
 {¶ 34} "e. Neither parent has substantially remedied the conditions that caused removal of this child.
 {¶ 35} "f. There are no known or interested relatives on either side of the family that can care for the child.
 {¶ 36} "g. The wishes of the child as expressed directly by the Guardian ad Litem indicate a strong desire to be placed in a loving, secure, permanent home that neither parent can *Page 9 
provide.
 {¶ 37} "h. There is no safe, appropriate, harmonious and loving relationship between the child and the child's parents or extended family. The child will benefit from continued removal from the birth families. There is no indication of a significant risk or harm to the child by not returning the child to the parent. In fact, the evidence is clear that the child will benefit significantly if the child is not returned to either parent." (Decision, p. 4-5.)
 {¶ 38} In determining the best interest of J.B., the trial court considered all of the factors set forth in R.C. 2151.414(D). Clear and convincing evidence established that Mother was unwilling to make the necessary effort and sacrifice to provide a safe and healthy environment for J.B. Instead, Mother conceded that she failed to complete the majority of the case plan that was established with the specific goal of reuniting her with J.B. Further, Mother testified that her parental rights to two of her children other than J.B. had previously been involuntarily terminated, which weighed against her in the best interest analysis under R.C. 2151.414(D)(5).
 {¶ 39} Mother's second assignment of error is overruled. The judgment of the trial court will be affirmed. *Page 10 
 FAIN, J. and DONOVAN, J., concur. *Page 1